# O'HAGAN MEYER

ATTORNEYS & ADVISORS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 2-2-27-20

**Jeffrey M. Rosin**
617.843.6800  OFFICE
617.843.6801  DIRECT
617.843.6810  FAX
jrosin@ohaganmeyer.com

February 6, 2020

**VIA ECF FILING**
The Honorable John G. Koeltl
U.S. Courthouse, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

*A pre-motion conference will be held on Wednesday, February 12, 2020, at 3:00pm. SO ORDERED.*

/s/ John G. Koeltl
U.S.D.J.
2/7/20.

RE: *Brickendon v. Theron Technologies Solutions, LLC. et al.* (C.A. No. 1:18-cv-11813)

Dear Judge Koeltl,

We represent Brickendon Consulting (US), Inc. ("Brickendon") in the above-captioned action. The parties are at an impasse in their effort to confer regarding the scheduled depositions of the defendants in this matter, and we write to request that the Court compel the Defendants' attendance at their scheduled depositions.

This matter was filed in December 2018, but Defendants expressed an interest in a Rule 12(b)(6) motion. After conferring with the Court, Brickendon filed an Amended Complaint on March 22, 2019, and Defendants filed their Rule 12(b)(6) motion, which was denied.

On March 14, 2019, this Court referred this matter to Magistrate Judge Netburn for a settlement effort, and Brickendon was willing to do so upon its receipt of certain basic discovery and Defendants' depositions. Defendants were not willing to cooperate. Accordingly, the parties awaited this Court's ruling on the motion to dismiss, and further discovery before assessing any further effort to settle. This Court denied Defendants' Motions on August 8, 2019.

By August 20, 2019, Brickendon had served its written discovery and prepared/served Notices of Deposition of Defendants Nathan Snyder ("Snyder"), Nikit Kothari ("Kothari) and Theron representatives Matthew Lewisman ("Lewisman"), Alex Rothman ("ARothman") and Michael Rothman ("MRothman"). As a courtesy, Brickendon left the dates blank and emailed Defendants' counsel asking for convenient dates for their clients in "mid-to-late" October. No responses followed with dates. Brickendon followed up with an email on August 29, 2019 and stated that if Defendants did not offer up dates, as requested, by September 4, 2019, Brickendon would simply pick dates and proceed. Despite further delays, on September 6, 2019, Theron's counsel replied and stated that October dates were not realistic, and the parties should complete written discovery before scheduling depositions. Indeed, Defendants had served Brickendon with written discovery in September 2019. Theron's counsel stated that "November dates are probably more realistic."

November and December depositions dates failed to get scheduled, and Brickendon pushed for January dates. However, January was essentially completely unavailable to Theron's lead counsel and Theron witnesses. Similarly, much of February was unavailable to them.

Thus, with the discovery deadline approaching, the parties prepared a joint motion. Snyder committed to February 19, 2020 for his deposition, and Kothari committed to February 20, 2020 for his deposition for purposes of the joint motion. Yet, Theron's three witnesses still could not commit to dates, and Theron's counsel suggested filing the joint motion to extend discovery without referencing any agreed upon dates for the depositions of Lewisman, ARothman or MRothman. Brickendon refused to file the motion without a firm

Honorable John G. Koeltl
February 6, 2020
Page 2 of 2

commitment on the dates for these witnesses as well, and ultimately, the parties settled on March 4, 5 and 6 for the three Theron employees' depositions and their joint motion was filed and granted.

The parties also conferred about coming before Magistrate Judge Netburn, as this Court previously Ordered and now that some significant discovery had been exchanged. All parties conferred with the Clerk of Magistrate Judge Netburn and were set to proceed on February 12, 2020, when Theron expressed that it was no longer interested. The parties engaged in further discussions. The result of those discussions are that the parties are scheduled to meet for a settlement conference with Magistrate Judge Netburn on March 6, 2020 at 10:00 a.m.

Now that this has been scheduled, Theron has emailed refusing to go forward with their scheduled depositions. Counsel for Snyder and Kothari has not yet "refused" but is firmly positioning itself as aligned with Theron. Brickendon is willing to reschedule MRothman only, because MRothman was actually supposed to take place on March 6, the same date at the conference.

Pursuant to S.D.N.Y. Local Rule 37.2, Brickendon hereby requests that this Court promptly schedule a pre-motion telephone conference with the parties and require Snyder, Kothari, Lewisman and ARothman to appear for their depositions as scheduled by agreement, and long overdue. It is perhaps at best, ironic, that at this time in February 2019, Defendants were seeking permission to file their Motion to Dismiss, and now, to date, they are still seeking to avoid their depositions.

While Brickendon does not wish to burden the Court with a lengthy further discovery motion, and all relevant exhibits reflecting its efforts to get the depositions of Defendants on all parties' and witnesses' calendars, it is certainly willing to do so if the Court so Orders. Instead, Brickendon would appreciate this Court's attention to this matter and resolution through a pre-motion discovery conference.

Respectfully submitted,

/s/ *Jeffrey M. Rosin*

Jeffrey M. Rosin

cc: Defendants' counsel of record (via ECF)