# O'HAGAN MEYER

ATTORNEYS & ADVISORS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _2-11-20_

**Jeffrey M. Rosin**
617.843.6800   OFFICE
617.843.6801   DIRECT
617.843.6810     FAX
jrosin@ohaganmeyer.com

February 10, 2020

**VIA ECF FILING**
The Honorable John G. Koeltl
U.S. Courthouse, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

*ALL COUNSEL SHALL APPEAR VIA
TELEPHONE. COUNSEL FOR THE PLAINTIFF
SHALL INITIATE THE CONFERENCE CALL, BY
CONTACTING ALL PARTIES AND THEN CONTACTING
THE COURT AT (212) 805-0222. THE CLERK
SHALL CLOSE DOCUMENTS 63 AND*

RE:     *Brickendon v. Theron Technologies Solutions, LLC. et al.* (C.A. No. 1:18-cv-11813) *64.*

Dear Judge Koeltl,

*SO ORDERED.
2/10/20                    [signature]*

On behalf of Brickendon Consulting (US), Inc. ("Brickendon"), we hereby submit this brief reply letter to the February 10, 2020 letter of Defendant Theron Technologies Solutions, LLC ("Theron") filed today (Document 63), and also request to attend the pre-motion conference by telephone. For the reasons below, this Court should Order the depositions to proceed as scheduled.

1.  Brickendon has not omitted any relevant information.

    a.  Theron first proposed new dates following March 6, 2020 for all depositions only after the parties agreed to March 6, 2020 for the settlement conference. When Theron did so, it neglected to factor in the very reason those alternative dates were not available to lead counsel for Brickendon. Brickendon's lead counsel has an arbitration proceeding commencing in Boston on March 23, 2020. Pre-hearing submissions and witness preparation will be happening the two weeks before. Thus, suddenly claiming that Theron could do all depositions in those weeks and in the week that follows March 23, 2020 was not helpful. Lead counsel for Brickendon cannot even promise the arbitration hearing will be over by the following week after March 23, 2020. As a result of this hearing, the parties chose March 4, 5, and 6 for Theron's depositions, and March 4 and 5 should remain as scheduled.

    b.  It is notable that, to date, counsel for Snyder and Kothari has not even agreed to Theron's alternative dates. Counsel for Snyder and Kothari has been totally silent, except for a February 3, 2020 letter, in which counsel stated that "my clients [Snyder and Kothari] will not be appearing for their presently scheduled depositions until a date after the settlement conference takes place." Thus, Theron makes this leap of logic as well with its proposal of alternative dates by claiming that "Defendants" proposed these dates. Indeed, while Theron represents in its letter that all three Defendants "concur" in the relief sought by Theron, nowhere does Theron's letter state that these alternative dates actually work Snyder or Kothari, or their counsel. Instead, Snyder/Kothari, and their counsel presumably simply want their depositions postponed.

Once again, the dates for depositions in this matter have been extremely difficult to schedule due to all parties/counsels' schedules. Brickendon has extended every courtesy to defendants in that regard to date. But the dates that have been agreed upon long ago should be Ordered to go forward so that there is no further delays in discovery. Such a result will ensure that Brickendon's counsel, who cooperated with defendants'

Honorable John G. Koeltl
February 10, 2020
Page **2** of **2**

witnesses as much as possible given the March 23, 2020 arbitration referenced above, is not left overburdened in those weeks simply to accommodate defendants once again.

2. Brickendon has not "refused" to produce its corporate representative until the first week of April. Brickendon has consistently stated, even before the March 6, 2020 settlement conference was scheduled, that its corporate representative was available to be deposed in early April. Theron did not even express an interest in taking any Brickendon depositions until late December anyway. Once the early April dates were offered up, it took Theron weeks to even respond to that offer. But in actuality, only after the March 6, 2020 settlement conference got scheduled did Theron follow-up and pick a date and send a notice of deposition for Brickendon. And, only after the March 6, 2020 conference was scheduled did Theron start complaining about the early April date for Brickendon's deposition. Upon information and belief, Theron is now raising such a complaint only to contrive an excuse to delay its own depositions. What would be next, no doubt, is Theron using its own tactics to delay its depositions until after Brickendon's deposition, currently scheduled for April 1-2, 2020. This Court should not allow such a transparent effort to manipulate the discovery that is scheduled, or the order of discovery sought by Brickendon long ago.

3. Contrary to Theron's "burden" argument in its letter, at no time during the scheduling of Snyder/Kothari's depositions for February 19 and 20 did Theron express that Theron's witnesses would actually need to be present for those depositions. In particular, Theron was aware of and agreed to these dates as part of the parties' December 11, 2020 Joint Letter Requesting Extension of Discovery Deadlines, which explicitly cited deposition dates of February 19 and 20 for Snyder and Kothari. There is also substantial information missing as to when these "office move" dates were agreed upon by Theron. Yet, in any event, the parties have all already agreed upon those dates for Snyder and Kothari.

For the further reasons herein, this Court should Order the depositions to proceed as schedule.

Additionally, like Theron's counsel, Plaintiff seeks permission of the Court to appear telephonically at the February 12, 2020 conference the Court has set regarding these discovery issues. As grounds for this request, counsel notes that we are currently based in Boston, Massachusetts, and the firm does not have a New York office. Thus, we would appreciate the courtesy of this pre-motion conference taking place by telephone.

Respectfully submitted,

*/s/ Jeffrey M. Rosin*

cc: Defendants' counsel of record (via ECF)